```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION


UNITED STATES OF AMERICA,      )
                               )
Plaintiff,                     )
                               )
vs.                            )    NO. 2:09-CR-43
                               )        2:13-CV-396
JUSTIN CEPHUS,                 )
                               )
Defendant.                     )
```

## OPINION AND ORDER

This matter is before the Court on the "Petition Under Rule 60(b)(4) of Fed.R.Civ.P. to Reverse and Vacate Conviction Pursuant to Rule 52(b) of Fed.R.Crim.P. Because Two-Biased Jurors in Petit Jury Were Not Striked for Cause and Perjury Violation's While Being Cross-Examined for Selection of Empaneled Jury," filed by the defendant, Justin Cephus ("Cephus"), on February 9, 2017. (DE #666.) For the reasons set forth below, the petition is **DISMISSED FOR LACK OF JURISDICTION**. The Court **DECLINES** to issue a certificate of appealability.

BACKGROUND

On February 4, 2015, this Court entered an opinion and order denying Cephus' original 18 U.S.C. section 2255 motion, denying several related motions, denying his request for an evidentiary

hearing, and declining to issue a certificate of appealability. (DE #608.) Cephus later filed a "Motion for Appealability and Reconsideration," which this Court denied. (DE #615 & DE #621.) The United States Court of Appeals for the Seventh Circuit subsequently reviewed this Court's final order and found no substantial showing of the denial of a constitutional right. (DE #643.) On March 10, 2017, Cephus filed the instant petition which focuses on alleged juror bias, an issue he addressed in the voluminous briefing of his original section 2255 and related motions.

ANALYSIS

When a motion is brought requesting reconsideration of a final judgment, a court must first determine whether it has jurisdiction to entertain the motion. Under certain circumstances, a motion for reconsideration motion must be treated as a successive habeas petition. *See Dunlap v. Litscher*, 301 F.3d 873, 875-76 (7th Cir. 2002); *Harris v. Cotton*, 296 F.3d 578, 579-80 (7th Cir. 2002) (citations omitted) ("Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions . . . by styling their collateral attacks as motions for reconsideration under Rule 60(b)."). If a motion for reconsideration is in effect a second or successive petition, a district court lacks jurisdiction to consider it unless the court

of appeals has granted the petitioner permission to file such a petition. See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244; *Dunlap*, 301 F.3d at 875 (noting that 28 U.S.C. section 2255, paragraph 8, is "clear and bar[s] a district court from using Rule 60(b) to give a prisoner broader relief from a judgment rendered by the court in the prisoner's [2255] proceeding.").

Here, although Cephus titles his motion as one brought pursuant to Rule 60(b), it is in effect a successive collateral attack for which Cephus has failed to obtain an appropriate certification from the Court of Appeals. *See* 28 U.S.C. § 2255; *Nunez v. United States*, 95 F.3d 990, 991 (7th Cir. 1996) (holding only the Seventh Circuit may authorize the commencement of a second or successive petition). In fact, on March 16, 2017, the United States Court of Appeals for the Seventh Circuit specifically denied an application filed by Cephus seeking permission to file a successive motion under section 2255 based on the same arguments he brings in the instant motion. (DE #668.) The Court of Appeals noted that:

> a congratulatory note from one juror to a prosecutor and another note from a different juror to the prosecutor professing a desire to stay in touch do not demonstrate bias on the part of the jurors. And, of course, the evidence in no way implicates Cephus' innocence, as required by §2255(h)(1) for authorization.

(*Id.*) Consequently, this Court must dismiss the instant petition.

3

CERTIFICATE OF APPEALABILITY

A certificate of appealability may only issue if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because this motion is an unauthorized successive collateral attack, Cephus cannot satisfy the criteria for a certificate of appealability. See *Sveum v. Smith*, 403 F.3d 447 (7th Cir. 2005).

CONCLUSION

For the reasons set forth above, the "Petition Under Rule 60(b)(4) of Fed.R.Civ.P. to Reverse and Vacate Conviction Pursuant to Rule 52(b) of Fed.R.Crim.P. Because Two-Biased Jurors in Petit Jury Were Not Striked for Cause and Perjury Violation's While Being Cross-Examined for Selection of Empaneled Jury," filed by Cephus on February 9, 2017 (DE #666), is **DISMISSED FOR LACK OF JURISDICTION**. The Court **DECLINES** to issue a certificate of appealability.

**DATED: July 18, 2017**               /s/ RUDY LOZANO, Judge
                                       **United States District Court**